IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAIRFIELD INDUSTRIES INC., § | | |
| d/b/a FairfieldNodal, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-17-1458 |
| § | | |
| SEABED GEOSOLUTIONS (US) § | | |
| INC., *et al.*, § | | |
| Defendants. § | | |

# **MEMORANDUM AND ORDER**

This patent case is before the Court on the Motion to Stay Pending *Inter Partes* Review ("IPR") ("Motion to Stay") [Doc. # 40] filed by Defendants Seabed Geosolutions (US) Inc. and Seabed Geosolutions B.V. (collectively, "Seabed"). Plaintiff Fairfield Industries Incorporated d/b/a FairfieldNodal ("Fairfield") filed an Opposition [Doc. # 48], Defendants filed a Supplement [Doc. # 55], Plaintiff filed a Response [Doc. # 56] to the Supplement, and Defendants filed a Reply [Doc. # 57]. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion to Stay without prejudice to its being reurged promptly should the Patent Trial and Appellate Board ("PTAB") institute the requested IPR proceedings.

This Court has authority, and broad discretion, to stay this case pending the *inter partes* review. *See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549

F.3d 842, 848-49 (Fed. Cir. 2008) (citing 35 U.S.C. § 318). "District courts typically analyze stays under a three-factor test: (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (internal quotations and citation omitted). The Court has the "discretionary prerogative to balance considerations beyond those captured by the three-factor stay test. The burden litigation places on the court and the parties when IPR proceedings loom is one such consideration that district courts may rightfully choose to weigh." *Id.* at 1362. A stay of patent litigation is "particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, 2016 WL 4394485, *2 (E.D. Tex. May 12, 2016) (internal quotations and citation omitted).

In this case, most of Defendants' arguments in favor of the requested stay are based on the assumption that the PTAB will grant their applications for IPR. The institution of an IPR proceeding as to any of the patents in this case is speculative. Consequently, any simplification of the issues in this case resulting from the IPR process are likewise speculative. The standard practice in the federal courts in Texas,

which the Court finds to be well-reasoned and an appropriate balance of the factors to be considered when deciding whether to stay proceedings pending IPR, is to deny a stay until the PTAB institutes IPR proceedings on any of the patents at issue in the case. *See, e.g., Perdiemco LLC v. Telular Corp.*, 2017 WL 2444736, *2 (E.D. Tex. June 6, 2017), and cases cited therein.

The Court finds that a stay of this case prior to the institution of IPR proceedings is unwarranted, and any potential benefit from such a stay is speculative. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Stay [Doc. # 40] is **DENIED** without prejudice to being reurged should the PTAB institute IPR proceedings as to any of the patents at issue in this case.

SIGNED at Houston, Texas, this **3rd** day of **July, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE