IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAIRFIELD INDUSTRIES INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1458 |
| SEABED GEOSOLUTIONS (US) INC., *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Renewed Motion to Stay Pending *Inter Partes* Reviews ("IPR") ("Motion to Stay") [Doc. # 87] filed by Defendants Seabed Geosolutions (US) Inc. and Seabed Geosolutions B.V. (collectively, "Seabed"). Plaintiff Fairfield Industries Incorporated ("Fairfield")[1] filed an Opposition [Doc. # 99], and Defendants filed a Reply [Doc. # 105]. Having reviewed the record and the applicable legal authorities, the Court **grants** the Motion to Stay and stays this case, including Defendants' counterclaims, pending completion of the instituted IPR proceedings.

---

[1] By Order [Doc. # 108] entered December 21, 2018, after briefing of the Motion to Stay was complete, Fairfield Seismic Technologies LLC was joined as a Plaintiff in this lawsuit.

## I. PROCEDURAL BACKGROUND

On May 11, 2017, Fairfield filed this lawsuit asserting that Seabed was infringing United States Patent No. 7,310,287 ("the '287 Patent") and United States Patent No. 7,254,093 ("the '093 Patent"). *See* Complaint [Doc. # 1].

On December 18, 2017, Fairfield filed a First Amended Complaint removing all reference to the '287 Patent and the '093 Patent. *See* First Amended Complaint [Doc. # 26]. Instead, Fairfield alleged that Seabed was infringing United States Patent No. RE45,268 ("the '268 Patent"), United States Patent No. 8,228,761 ("the '761 Patent"), and United States Patent No. 8,879,362 ("the '362 Patent"). *See id.*

On May 8, 2018, Fairfield filed a Second Amended Complaint, adding United States Patent No. 9,829,589 ("the '589 Patent"). *See* Second Amended Complaint [Doc. # 43]. Currently, the '268 Patent, the '761 Patent, the '362 Patent, and the '589 Patent are the Patents-in-Suit.

The Patent Trial and Appeal Board ("PTAB") has instituted IPR proceedings as to the '268 Patent, the '761 Patent, and the '362 Patent, but denied Seabed's application for IPR review of the '589 Patent. Defendants filed their currently-pending Motion to Stay, seeking a stay of all claims and counterclaims in this lawsuit until such time as the instituted IPR proceedings are completed. The Motion to Stay has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL STANDARD

This Court has authority, and broad discretion, to stay this case pending the *inter partes* review before the PTAB. *See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008) (citing 35 U.S.C. § 318). "District courts typically analyze stays under a three-factor test: (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (internal quotations and citation omitted).

The Court has the "discretionary prerogative to balance considerations beyond those captured by the three-factor stay test. The burden litigation places on the court and the parties when IPR proceedings loom is one such consideration that district courts may rightfully choose to weigh." *Id.* at 1362. A stay of patent litigation is "particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, 2016 WL 4394485, *2 (E.D. Tex. May 12, 2016) (internal quotations and citation omitted).

## III. ANALYSIS

### A. Undue Prejudice

Fairfield argues that it will suffer undue prejudice because it is unfair to allow Defendants to proceed with their antitrust counterclaims while staying Fairfield's infringement claims. *See* Response, pp. 2-5. Defendants do not, however, seek to proceed with their counterclaims during a stay pending completion of the IPR proceedings. Therefore, Fairfield will not suffer any prejudice, and Seabed will not obtain any improper advantage, from the stay. Because Fairfield does not identify any other potential prejudice it would suffer from the stay, this factor weighs in favor of the stay.

### B. Simplification of Issues

The parties agree that the '589 Patent is related to the Patents-in-Suit for which IPR proceedings have been instituted. The '589 Patent has the same specification as two of the other Patents, and it claims priority based on the same parent application as the other three Patents.

Most importantly for purposes of the simplification factor, Fairfield's claim construction positions are the same for all four Patents-in-Suit. Therefore, although the PTAB has denied IPR of the '589 Patent, it will decide claim construction disputes

that have been raised in the instituted IPR proceedings. The PTAB's decision is likely to impact the claim construction of those same disputed terms in the '589 Patent.[2]

Additionally, Seabed's antitrust counterclaims are based in significant part on the allegations that Fairfield asserted invalid patents. The PTAB's decision in the instituted IPR proceedings most likely will simplify analysis of the counterclaim element regarding whether the '268 Patent, the '761 Patent, and the '362 Patent are invalid.

The '589 Patent is closely related to the Patents-in-Suit as to which IPR proceedings have been instituted. As a result, claim construction and counterclaim issues will be simplified for all four Patents-in-Suit by the PTAB's decision. This factor weighs heavily in favor of a stay of all claims and counterclaims in this case.

### C. Early Stage of Litigation

There is no dispute that this case is in the early stages. Although the case was filed in May 2017, it was not until May 2018 that Fairfield filed its Second Amended Complaint in which it first asserted infringement of the fourth of the Patents-in-Suit. Some discovery has been conducted, but no depositions have been taken. The parties

---

[2] The common disputed claim terms include "seismic data," "seismic data recorder," "negative buoyancy," and "a diameter/a width is greater than a height."

have not filed claim construction briefing, and no docket call or trial date has been scheduled. This factor weighs in favor of a stay.

## IV. **CONCLUSION AND ORDER**

The PTAB has instituted IPR proceedings as to three of the four Patents-in-Suit at issue in this case. The '589 Patent is closely related to the other three Patents, particularly for purposes of claim construction and Seabed's counterclaims. As a result, the Court exercises its discretion to stay this case pending the completion of the IPR proceedings that have been instituted as to the '362 Patent, the '761 Patent, and the '268 Patent. Accordingly, it is hereby

**ORDERED** that Defendants' Renewed Motion to Stay [Doc. # 87] is **GRANTED**. This case, including all claims and counterclaims, is **STAYED AND ADMINISTRATIVELY CLOSED**, pending completion of the IPR proceedings. It is further

**ORDERED** that the parties shall file a written status report on **July 15, 2019**, and every six (6) months thereafter, advising the Court of the status of the IPR proceedings.

SIGNED at Houston, Texas, this **16th** day of **January, 2019.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE