IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGSEIS FF LLC, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1458 |
| | § | |
| SEABED GEOSOLUTIONS (US) | § | |
| INC., *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

By Memorandum and Order [Doc. # 115] entered January 16, 2019, the Court stayed and administratively closed this patent case pending completion of pending *inter partes* review ("IPR") proceedings. By Order [Doc. # 120] entered January 23, 2020, the Court denied Plaintiffs' request to lift the stay, which request was set forth in their Status Report [Doc. # 117]. The case is now before the Court on the Motion for Reconsideration [Doc. # 121] filed by Plaintiffs Magseis FF LLC and Fairfield Industries Incorporated (collectively, "Fairfield").[1] Defendants Seabed Geosolutions

---

[1] Also pending is Plaintiffs' Motion for Leave to Amend Preliminary Infringement Contentions to Assert Method Claims ("Motion to Amend") [Doc. # 122], to which Defendants filed an Opposition [Doc. # 126], and Plaintiffs filed a Reply [Doc. # 128]. The Motion to Amend is **denied without prejudice** to being refiled, if appropriate, after the stay is lifted.

(US) Inc. and Seabed Geosolutions B.V. (collectively, "Seabed") filed an Opposition [Doc. # 127], and Plaintiffs filed a Reply [Doc. # 129].

As it did when considering Plaintiffs' earlier request to lift the stay, the Court has carefully considered the full record and the applicable legal authorities. Based on that review, the Court **denies** the Motion for Reconsideration.

I.  **PROCEDURAL BACKGROUND**

On May 11, 2017, Fairfield filed this lawsuit asserting that Seabed was infringing United States Patent No. 7,310,287 ("the '287 Patent") and United States Patent No. 7,254,093 ("the '093 Patent"). On December 18, 2017, Fairfield filed a First Amended Complaint removing all reference to the '287 Patent and the '093 Patent. Instead, Fairfield alleged for the first time that Seabed was infringing United States Patent No. RE45,268 ("the '268 Patent"), United States Patent No. 8,228,761 ("the '761 Patent"), and United States Patent No. 8,879,362 ("the '362 Patent"). On May 8, 2018, Fairfield filed a Second Amended Complaint, adding new allegations that Seabed was infringing United States Patent No. 9,829,589 ("the '589 Patent"). Currently, the '268 Patent, the '761 Patent, the '362 Patent, and the '589 Patent are the Patents-in-Suit.

The Patent Trial and Appeal Board ("PTAB") instituted IPR proceedings as to the '268 Patent, the '761 Patent, and the '362 Patent. The PTAB found that the

asserted claims of the '761 Patent and the '362 Patent are invalid, and found that the '268 Patent is valid. The PTAB denied Seabed's application for IPR review of the '589 Patent, but granted Seabed's request for *ex parte* reexamination of that patent. All asserted claims in the '589 Patent except Claim 18 currently are rejected as invalid.

Fairfield is pursuing an appeal to the Federal Circuit of the PTAB's decision that the asserted claims of the '761 Patent and the '362 Patent are invalid. Seabed is pursuing an appeal of the PTAB's decision that the '268 Patent is valid.

Fairfield asks this Court to lift the stay because its patents expire in May 2023 and, therefore, a stay during the pending appeals would "make it extremely difficult" for Fairfield to seek an injunction prior to the expiration of the patents. *See* Motion for Reconsideration, p. 1. The Motion for Reconsideration has been fully briefed and is now ripe for decision.

## II.    STANDARD FOR RECONSIDERATION

Rule 54(b) of the Federal Rules of Civil Procedure authorizes the district court to revise "at any time before the entry of a judgment adjudicating all the claims" an order or other decision that does not end the case. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citing FED. R. CIV. P. 54(b)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems

sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (internal quotation marks and citations omitted).

### III. <u>REQUEST TO LIFT STAY</u>

The Court "may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). "District courts typically analyze stays under a three-factor test: (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Id.* (internal quotations and citation omitted). In addition to staying patent litigation pending IPR proceedings, the Court has the authority to order a stay pending conclusion of a reexamination proceeding. *See id.* at 1362.

#### A. <u>Undue Prejudice</u>

Fairfield argues that it will suffer prejudice if the stay is not lifted because the '268 Patent and the '589 Patent expire in May 2023 and a continued stay prevents them from seeking an injunction. Fairfield's argument is unpersuasive, however, because Fairfield failed to file a motion for preliminary injunctive relief at any time

between the filing of this lawsuit in May 2017 (or even between the December 2017 filing of the First Amended Complaint adding claims involving the '268 Patent) and the Court's January 16, 2019, order staying this case pending IPR proceedings. The case was pending for well over a year and Fairfield did not deem it necessary to seek injunctive relief.

Additionally, the Court finds Fairfield's argument that the pending appeals before the Federal Circuit will not be decided until the patents are "expired or extremely close to expiring." *See* Motion for Reconsideration, p. 3. Fairfield's patents will not expire for over three years, and the Court is unpersuaded that the Federal Circuit will fail to issue decisions well before May 2023 in appeals filed in December 2019.

Fairfield argues that the appeals may take longer "given the fact that Seabed has already sought extensions of time on briefing of the appeals." In support of this assertion, Fairfield relies on an email from Seabed's counsel to Fairfield's counsel requesting an extension of time for Seabed to file its opening brief. When Fairfield refused the request, Seabed filed the opening brief by the original deadline and no delay resulted.

The Court finds that Fairfield has not demonstrated that it will suffer undue prejudice if the stay of this lawsuit is not lifted.

### B. Simplification of Issues

As an initial matter, it is beyond debate that the issues in this case will be simplified if the Federal Circuit were to reverse the PTAB's decision that the '268 Patent is valid.

Additionally, as noted in the Court's Memorandum and Order [Doc. # 115] granting the stay, there are claim construction issues for all four Patents-in-Suit that are the same. The PTAB construed claims in the '761 Patent and the '362 Patent, and those claim constructions are now pending before the Federal Circuit. A decision by the Federal Circuit on the proper construction of the disputed claim terms will likely simplify construction of the disputed claim terms in the '268 Patent and in surviving claim 18 of the '589 Patent, a continuation patent of the '761 Patent and the '362 Patent. It will also avoid the potential for inconsistent rulings. This factor weighs heavily in favor of continuing the stay pending the Federal Circuit decisions in the pending appeals.

### C. Early Stage of Litigation

This case remains in the very early stages. Although Fairfield filed the lawsuit in May 2017, it was not until May 2018 that Fairfield filed its Second Amended Complaint in which it first asserted infringement of the fourth of the current Patents-in-Suit. The case has been stayed since January 2019. Only very limited discovery

has been conducted, and there has been no claim construction briefing or ruling in this Court. The case has not been scheduled for docket call, and no trial date has been set. This factor weighs in favor of continuing the stay.

## IV. **CONCLUSION AND ORDER**

Fairfield has not persuaded the Court to alter its decision not to lift the stay in this case. As a result, it is hereby

**ORDERED** that the Motion for Reconsideration [Doc. # 121] is **DENIED**. It is further

**ORDERED** that the Motion to Amend [Doc. # 122] is **DENIED WITHOUT PREJUDICE** to being refiled, if appropriate, after the stay is lifted.

SIGNED at Houston, Texas, this **19th** day of **March, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE