UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Magseis FF LLC and | ) | |
| Fairfield Industries Incorporated d/b/a | ) | |
| Fairfield Geotechnologies | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-cv-01458 |
| | ) | |
| Seabed Geosolutions (US) Inc. and | ) | **JURY TRIAL DEMANDED** |
| Seabed Geosolutions B.V., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFFS' MAGSEIS FF LLC'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT JOINING NEW FUGRO AND PXGEO DEFENDANTS AND TO TEMPORARILY LIFT STAY TO DO SO

## TABLE OF CONTENTS

I.    Introduction ............................................................................................................... 1

II.   Background ............................................................................................................... 3

      A.    Procedural History ......................................................................................... 3

      B.    The Sale of the Accused Products From Seabed to PXGEO ................................ 5

III.  Legal Standard ......................................................................................................... 7

      A.    Leave to Supplement Complaint .................................................................... 7

      B.    Temporarily Lifting a Stay ............................................................................ 8

IV.   The Court Should Grant Leave to Supplement the Complaint and Join New
      Parties in Order to Address Recent Infringement and Other Intervening Events ............... 8

      A.    There Is Good Cause to Allow the Supplement ................................................ 9

      B.    There Is No Substantial Reason to Deny Magseis's Motion to Supplement .......... 9

      C.    Joinder of Fugro and PXGEO Is Appropriate ................................................. 12

      D.    Other Supplementation to the Complaint Intended to Conform the
            Pleading to Intervening Events Should Also Be Allowed .................................. 12

V.    The Stay Should be Temporarily Lifted to Allow Filing of the Supplemental
      Complaint ............................................................................................................... 15

VI.   Conclusion ............................................................................................................. 17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
   600 F.3d 516 (5th Cir. 2010) ................................................................. 12

*Babin v. Caddo E. Estates I, Ltd.*,
   No. 10-896-SM-SS, 2012 U.S. Dist. LEXIS 113470 (E.D. La. Aug. 13, 2012) ..................... 22

*Blue Calypso, Inc. v. Groupon, Inc.*,
   No. 6:12-CV-486, 2013 WL 12141428 (E.D. Tex. July 19, 2013) ........................... 9

*Dussouy v. Gulf Coast Inv. Corp.*,
   660 F.2d 594 (5th Cir. 1981) ................................................................. 10

*e-Watch, Inc. v. Lorex Canada, Inc.*,
   No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ......................... 8, 15

*Edwards v. Oliver*,
   No. 3:17-cv-01208-M-BT, 2019 U.S. Dist. LEXIS 163238 (N.D. Tex. Aug. 12, 2019) ......... 22

*Gillespie v. Wells Fargo Home Mortgage*,
   EP-10-CV-00240, 2011 WL 13123884 (W.D. Tex. Nov. 29, 2011) ....................... 12

*Lewis v. Knutson*,
   699 F.2d 230 (5th Cir. 1983) ................................................................. 7

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*,
   195 F.3d 765 (5th Cir. 1999) .............................................................. 8, 10

*Mayeaux v. La. Health Serv. & Indem. Co.*,
   376 F.3d 420 (5th Cir. 2004) ............................................................... 8, 9

*Natsuti v. Whole Foods Market*,
   783 F. App'x 797 (10th Cir. 2019) ........................................................ 16

*Ntakirutimana v. CHS/Community Health Sys.*,
   No. L-09-114, 2011 U.S. Dist. LEXIS 159960 (S.D. Tex. July 19, 2011) ........................ 16, 17

*Pers. Audio LLC v. Google, Inc.*,
   230 F. Supp. 3d 623 (E.D. Tex. 2017) ................................................... 8, 15

*Robinson v. MeadWestvaco Corp.*,
   C.A. No.: 2:05-1855-PMD, 2005 WL 8164995 (D. S.C. Oct. 31, 2005) ................... 17

*S&W Enters. v. Southtrust Bank of Ala., NA*,
   315 F.3d 533 (5th Cir. 2003) ................................................................. 7, 9

*Saenz v. Allstate Ins. Corp.*,
   CA No. M-11-130, 2012 WL 13059740 (S.D. Tex. Jan. 26, 2012) ........................... 9

*Smith v. EMC Corp.*,
   393 F.3d 590 (5th Cir. 2004) ................................................................. 8

*Striz v. Collier*,
   No. 3:18-0202, 2019 U.S. Dist. LEXIS 147236 (S.D. Tex. Aug. 29, 2019) ........................... 11

*Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*,
   No. H-10-3350, 2015 U.S. Dist. LEXIS 159526 (S.D. Tex. June 1, 2015) ........................... 21

*United Mine Workers of Am. v. Gibbs*,
   383 U.S. 715 (1966) ................................................................. 12

*Wave Loch, Inc. v. Wave Loch, Inc.*,
   No. 08–cv–928 BAS (NLS), 2014 WL 7261552 (S.D. Cal. Oct. 1, 2014) ........................... 11

*WesternGeco L.L.C. v. Ion Geophysical Corp.*,
   776 F. Supp. 2d 342 (S.D. Tex. 2011) ................................................................. 14

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   __ U.S. __, 138 S.Ct. 2129 (2018) ................................................................. 14

*Willick v. Napoli Bern Ripka & Associates, LLP*,
   No. CV 15-00652, 2018 WL 6443081 (C.D. Cal. Mar. 23, 2018) ........................... 15

*Woodard v. Sears, Roebuck, and Co.*,
   No. 3:12-cv-345-HTW-MTP, 2013 U.S. Dist. LEXIS 135744 (S.D. Miss. Aug. 30, 2013) .... 18

**Rules**

Fed. R. Civ. P. 15 ................................................................. 7, 8, 9

Fed. R. Civ. P. 16 ................................................................. 7

Fed. R. Civ. P. 20 ................................................................. 16

## I.    INTRODUCTION

Plaintiff Magseis FF LLC ("Magseis") respectfully requests that this court grant Magseis's motion for leave to file Magseis's Third Amended and Supplemental Complaint (attached as Exhibit A) and to temporarily lift the stay to allow the same. In view of recent events surrounding the sale of the products accused of infringement in this case, Magseis seeks to supplement the Complaint by joining three additional defendants: Fugro N.V. ("Fugro"), PXGEO Seismic Services Ltd., and PXGEO US Inc.[1] As explained in more detail below, Magseis makes this request in view of Fugro and PXGEO's recent acts of infringement, including inducing the infringing offer for sale and subsequent sale of the accused MANTA system by one or more of Defendants Seabed Geosolutions (US) Inc. and Seabed Geosolutions B.V. (collectively, "Seabed").

Magseis makes this motion while the stay of this litigation is pending solely to preserve its right to seek a remedy against these additional defendants for their recent and continuing acts of infringement. Accordingly, Magseis agrees to continue the stay after the filing of its Third Amended and Supplemental Complaint **such that Defendants need not file a responsive pleading until the stay has been lifted**.

In preparing a supplemental complaint that joins Fugro and PXGEO, Magseis recognized that three additional supplements to the Complaint would be necessary in order to conform the pleading to reflect events that have transpired since the filing of the Second Amended Complaint back in 2018. In view of the need to timely move to supplement the complaint in order to join Fugro and PXGEO in light of their recent infringement, Magseis must necessarily seek to

---

[1] PXGEO Seismic Services Ltd., and its U.S. subsidiary PXGEO US Inc. are referred to collectively herein as "PXGEO."

supplement the complaint with respect to the following as well so as to accurately reflect events that have occurred since 2018.

First, Magseis has served preliminary infringement contentions in this matter that Magseis has referenced in the proposed Third Amended and Supplemental Complaint.

Second, in December of 2018 the asserted patents were assigned from original plaintiff Fairfield Industries, Inc. to Magseis FF LLC[2] (including all rights to sue for past damages), and Magseis FF LLC was joined as a plaintiff in this matter on December 20, 2018. Because Fairfield Industries, Inc. no longer owns the patents, it lacks standing as a plaintiff to assert them in this litigation. Accordingly, the Third Amended and Supplemental Complaint properly reflects Fairfield Industries, Inc.'s proper role as a counterclaim defendant.

Third, while the Second Amended Complaint (Dkt. 43) asserted infringement of the '589 Patent, that pleading focused on the '589 Patent's system claims rather than its method claims. That is because, to Magseis's knowledge, at the time of the filing of the Second Amended Complaint Seabed had not yet used the accused MANTA device within the jurisdiction of the United States such that it could have infringed the method claims. It was not until on or about December 28, 2019 through January 13, 2019 that Seabed first used the MANTA system on the U.S. continental shelf within the U.S. Gulf of Mexico in a project for Chevron, as detailed in Magseis's Motion for Leave to Amend Preliminary Infringement Contentions to Assert Method Claims of Previously Asserted U.S. Patent No. 9,829,589 That Could Not Have Been Previously Asserted (Dkt. 122).[3]

---

[2] At the time of the assignment, Magseis FF LLC was named Fairfield Seismic Technologies, LLC. The entity's name was changed to Magseis FF LLC shortly thereafter. (*See* Dkt. 139).

[3] The Court denied that motion on the basis of the pending stay, without prejudice to refiling once the stay is lifted. (*See* Dkt. 130, fn. 1.)

In response to an *ex parte* reexamination proceeding requested by Seabed, the Patent

Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office on March 26, 2021

upheld the patentability of the method claims of the '589 Patent subject to a terminal disclaimer

being filed,[4] while determining that the system claims were unpatentable for separate reasons.

Solely for the purposes of expediting the proceedings, Magseis has elected not to appeal the

PTAB's decision with respect to the system claims, and anticipates that a reexamination

certificate will imminently issue cancelling the challenged system claims while upholding the

patentability of the method claims. In view of this, it would be improper for Magseis to simply

propose filing an supplemental complaint that continued to assert the system claims of the '589

Patent which will soon be cancelled, and so Magseis has incorporated into the proposed Third

Amended and Supplemental Complaint allegations of infringement with respect to the '589

Patent that are limited to the method claims of the '589 Patent and which arise out of Seabed's

conduct of surveys within the U.S. Gulf of Mexico since the filing of the Second Amended

Complaint.

## II.     BACKGROUND

### A.     Procedural History

This action was originally filed on May 11th, 2017. Since then the parties engaged in

significant efforts to resolve the dispute short of continued litigation, but were unable to do so.

On January 10, 2018, the Court issued a scheduling order that set the deadline to join additional

parties without obtaining leave for May 24, 2018.[5] Dkt. No. 34.

---

[4] Magseis has since filed said terminal disclaimer.
[5] On May 21, 2018, the Court vacated the "May 24, 2018" deadline, among others. *See* Dkt. No.
50. On August 6, 2018 the Court issued a new scheduling order that that provided a deadline of
November 15th, 2018 to amend the complaint without leave. *See* Dkt. No. 63.

Magseis has alleged that Seabed infringes United States Patent Nos. RE45,268 ("the '268 Patent"), 8,228,761 ("the '761 Patent"), 8,879,362 ("the '362 Patent"), and 9,829,589 ("the '589 Patent") (collectively the "Asserted Patents") by at least making, using, and exporting the MANTA Seismic Data Acquisition system. (*See* Dkt. 43.) Despite having announced the MANTA system in 2014, Seabed did not complete its first survey utilizing the MANTA system until late 2019, and did not complete its first survey in the Gulf of Mexico until 2020.

In an effort to invalidate the Asserted Patents, Seabed filed petitions for *inter partes* review ("IPR") against each of the Asserted Patents with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"). The USPTO subsequently instituted IPR on the '268, '761, and '362 Patents but declined institution of IPR on the '589 Patent. After the PTAB's institution decisions, Judge Atlas stayed this case pending resolution of the IPRs, including resolution of the appeals of the IPRs. (*See* Dkt. 115 and 120.)

The PTAB went on to issue final written decisions that affirmed the patentability of the challenged claims of the '268 Patent, while determining that the claims of the '761 and '362 Patent were unpatentable due to obviousness. Magseis is presently appealing the PTAB's decision with respect to the '761 and '362 Patents, while Seabed is appealing the decision on the '268 Patent. Oral argument on these appeals is scheduled for July 9, 2021.

After the USPTO declined to institute IPR on the '589 Patent, Seabed filed a petition for *ex parte* reexamination of the '589 Patent. That petition was granted. Recently, the Patent Trial and Appeal Board affirmed the patentability of the method claims of the '589 Patent,[6] while maintaining a rejection of the system claims.

---

[6] The method claims of the '589 Patent were the subject of Magseis's Motion for Leave to Amend its Preliminary Infringement Contentions (Dkt. 122) to allege infringement via Seabed's first use of the MANTA system on the ocean bottom in the U.S. Gulf of Mexico—a project

Accordingly, the present determination of the various claims is as follows:

- '268 Patent: PTAB affirmed the patentability of all challenged claims, and Seabed is presently appealing that determination to the Federal Circuit.

- '589 Patent: PTAB affirmed the patentability of all the method claims (subject to the filing of a terminal disclaimer, which has since been filed), while upholding the rejection of certain system claims. Magseis has elected not to appeal the decision on the system claims, solely in order to avoid further delays in this proceeding

- The '761 and '362 Patents: All asserted claims have been determined unpatentable due to obviousness by the PTAB, and Magseis is presently appealing that decision to the Federal Circuit.

### B.    The Sale of the Accused Products From Seabed to PXGEO

On February 16, 2013, Seabed was formed by Fugro and a French company, CGG, with Fugro owning 60% of Seabed and CGG maintaining a 40% stake. *See* Exs. B, C. On or about December 30, 2019, CGG transferred its stake in Seabed to Fugro, and paid Fugro $35,000,000 to terminate a joint venture agreement relating to Seabed—meaning that as of 2019 Fugro has been the sole owner of Seabed. (*See* Ex. D.)

In the past year, Fugro has endeavored to sell Seabed's assets, noting in its annual report that "discussions are ongoing with a seriously interested party while also otherwise serious interest seems to exist." (*See* Ex. E at 107.) On March 30, 2021 Fugro publicly announced that it had reached a binding agreement to sell Seabed's assets—including the MANTA seismic data acquisition units that are accused of infringement in this case— to PXGEO for the sum of $16,000,000 in a transaction that is expected to be completed mid-2021. (*See* Ex. F, *see also* Ex. G.) Fugro's press release further detailed how Seabed intends to "wind down the remaining part

---

completed in early 2020. The motion was denied in view of the present stay of litigation without prejudice to being refiled after the stay is lifted. (*See* Dkt. 130 at 7.)

of the Seabed Geosolutions' organization" and further transfer "a significant number of personnel responsible for delivering the Seabed Geosolutions' business [] to PXGEO." (Ex. F.)

PXGEO Seismic Services Ltd. is a Cayman Islands limited company and appears to be the ultimate parent of PXGEO US Inc., which is a Delaware corporation formed on May 11, 2021. (*See* Ex. H.)

Upon learning of this proposed transaction, Magseis sought more information from Seabed regarding the nature of the transaction in a letter dated April 8th, 2021. (*See* Ex. I.) However, Seabed declined to provide said information, which led to Magseis's unsuccessful request that the current stay be lifted to allow Magseis to obtain discovery on the transaction. (*See* Dkt. 134; May 3, 2021 Minute Entry Denying Dkt. 134.)

In view of Fugro's involvement in orchestrating the sale of the infringing MANTA system, including offering for sale the infringing MANTA products to others, inducing offers for sale of the same by Seabed, and inducing the actual sale of the same to PXGEO, as detailed further in Magseis's proposed Third Amended and Supplemental Complaint, (*see* Ex. A at ¶¶ 46-49, 65-68, 99-102), Magseis seeks leave to file its Third Amended and Supplemental Complaint and join Fugro as a defendant to preserve its right to a remedy for Fugro's direct and indirect infringement.

In view of PXGEO's involvement in negotiations with Fugro and/or Seabed with regard to the sale of the infringing MANTA system, including inducing one or more offers for sale by Seabed and inducing the actual sale of the same by Seabed as detailed further in Magseis's proposed Third Amended and Supplemental Complaint, (*see* Ex. A at ¶¶ 50-52, 69-71, 103-105), Magseis seeks leave to file its Third Amended and Supplemental Complaint an join the PXGEO

entities as defendants in order to preserve its right to a remedy for PXGEO's indirect infringement to date.

## III.    LEGAL STANDARD

### A.    Leave to Supplement Complaint

The Fifth Circuit has held that Rule 16(b) governs amendment or supplementation of pleadings after a scheduling order's deadline to amend pleadings has expired. *See S&W Enters. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Fifth Circuit has held that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (*quoting* 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). Additionally, once the movant has demonstrated good cause to modify the scheduling order, "the more liberal standard" provided by Rule 15 applies to the district court's decision to grant or deny leave to amend or supplement. *See S&W Enters.*, 315 F.3d at 536.

Rule 15(d) permits supplemental pleading to address events that took place after the filing of the original complaint at the discretion of the Court. Fed. R. Civ. P. 15(d)("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). "Although Rule 15(a), which pertains to amended pleadings, provides that leave to amend should be 'freely given,' the text of Rule 15(d) contains no such provision." *Striz v. Collier*, No. 3:18-0202, 2019 U.S. Dist. LEXIS 147236, at *8 (S.D. Tex. Aug. 29, 2019) "Nevertheless, 'the discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading.'" *Id.* (quoting *Lewis v.*

*Knutson*, 699 F.2d 230, 239 (5th Cir. 1983)). "[T]he language of [Rule 15] 'evinces a bias in

favor of granting leave to amend,'" and "[a] district court must possess a 'substantial reason' to

deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)

(internal citations omitted). Indeed, "district courts must entertain a presumption in favor of

granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425

(5th Cir. 2004). Accordingly, "unless there is a substantial reason, such as undue delay, bad faith,

dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is

not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading

U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotation marks and citing references

omitted).

> ### B.      Temporarily Lifting a Stay

When considering a request to lift a stay, the same factors that would be considered when

deciding whether to apply the stay should be considered, which include:

> (1) whether a stay will unduly prejudice or provide a tactical
> disadvantage to the non-moving party;
>
> (2) whether a stay will simplify the issues in question; and
>
> (3) whether the litigation is at an early stage.

*e-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298, *4 (S.D. Tex. Sept. 26,

2013); *see also Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017).

## IV.     THE COURT SHOULD GRANT LEAVE TO SUPPLEMENT THE COMPLAINT AND JOIN NEW PARTIES IN ORDER TO ADDRESS RECENT INFRINGEMENT AND OTHER INTERVENING EVENTS

For the reasons stated below, Magseis's request should be granted. Magseis has good

cause to supplement its complaint as it could not have sought to address Fugro and PXGEO's

recent infringement until it occurred and resulted in the agreement to sell Seabed's infringing

MANTA products to PXGEO. Additionally, there are no substantial reasons that undercut the Rule 15 presumption in favor of granting leave, which applies since Magseis has good cause to supplement its complaint. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) ("[D]istrict courts must entertain a presumption in favor of granting parties leave to amend.").

### A.      There Is Good Cause to Allow the Supplement

Magseis has good cause to supplement the complaint to join Fugro and the PXGEO entities as defendants because Fugro and PXGEO's infringing actions (and Magseis's subsequent knowledge of them) only recently occurred—well beyond the original deadline for amending the pleadings. In fact, defendant PXGEO U.S. was not even incorporated until May 11, 2021 and it is likely the entity that will be taking over Seabed's U.S. operations. (*See* Ex. H.) Thus, good cause exists to allow leave to file the proposed supplement. *See, e.g.*, *Blue Calypso, Inc. v. Groupon, Inc.*, No. 6:12-CV-486, 2013 WL 12141428, at *1 (E.D. Tex. July 19, 2013) (granting leave to amend complaint to add patents after scheduling order deadline when Plaintiff's "diligently filed leave to amend within a reasonable time of the issuance of the new patents"); *S&W Enters.*, 315 F.3d at 535; *see also, e.g.*, *Saenz v. Allstate Ins. Corp.*, CA No. M-11-130, 2012 WL 13059740, at *3 (S.D. Tex. Jan. 26, 2012) (finding good cause to amend pleadings when "Defendants could not have moved for leave to amend to assert a statute of limitations defense until after the expiration of the Scheduling Order deadline").

### B.      There Is No Substantial Reason to Deny Magseis's Motion to Supplement

As Magseis has good cause to amend its Complaint after the scheduling deadline, its motion to supplement should be analyzed under Rule 15 of the Federal Rules of Civil Procedure. *S&W Enters.*, 315 F.3d at 536. As Magseis has had no "undue delay, bad faith, [or] dilatory

motive" and there would be no "undue prejudice to the opposing party," the Court should grant Magseis's motion to supplement. *Martin's Herend Imports*, 195 F.3d at 770 (internal quotation marks and citing references omitted).

"The non-movant bears the burden of proving undue delay." *Ntakirutimana v. CHS/Community Health Sys.*, No. L-09-114, 2011 U.S. Dist. LEXIS 159960, at *17 (S.D. Tex. July 19, 2011). "[M]ere passage of time need not result in refusal of leave to amend; on the contrary it is only *undue* delay that forecloses amendment. Amendment can be appropriate as late as trial or even after trial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (emphasis added). "Delay is *undue* when, for example, it prejudices the nonmoving party or imposes unwarranted burdens on the court." *Ntakirutimana*, 2011 U.S. Dist. LEXIS 159960 at *17 (emphasis in original).

Here, Seabed, Fugro, or PXGEO would not suffer any undue prejudice from the proposed supplement. The events predicating Magseis's request have only recently transpired, and this litigation has been stayed since January 16, 2019, and will continue to be stayed after the supplement until the resolution of the Federal Circuit appeals on the IPRs. (*See* Dkts. 115, 120.) During the meet and confer process leading up to this motion, Magseis agreed that it would only seek a limited exception to the current stay of the litigation in order to file its Third Amended and Supplemental Complaint in order to preserve its rights, and would agree that the stay could apply to any responsive pleadings such that they need not be filed until the stay is lifted. Indeed, rather than any reflection of undue delay, Magseis is filing this motion in order to **avoid** delay in seeking a remedy for Fugro and PXGEO's infringement. In the weeks since Seabed, Fugro, and PXGEO announced the transaction, Magseis requested (in vain) additional information in order

10

to protect its rights, and has been monitoring the situation closely in order to diligently pursue its legal rights.

To that end, information made public by Fugro, Seabed, and PXGEO in the past few months has made clear that Fugro has been intimately involved in offering for sale the infringing MANTA products, has induced offers for sale of the same by Seabed, and has induced the actual sale of the same by Seabed. It has become further apparent that PXGEO has also induced Seabed's infringement by inducing one or more offers for sale and the actual sale of the infringing nodes, including through its negotiations with Seabed and/or Fugro.

Further, because the case is currently stayed, supplementation will have no effect on the schedule in this case. Indeed, apart from an ongoing requirement that the parties file biannual status reports, there are no pending deadlines in this case at all. Thus, there is no conceivable dilatory motive to ascribe to Magseis.

Additionally, the fact that this case is currently stayed supports Magseis's Motion. As other courts in the Fifth Circuit have found, that a case is stayed can weigh **in favor** of granting a motion for leave to amend because it limits the risk of prejudice. *See, e.g., Woodard v. Sears, Roebuck, and Co.*, No. 3:12-cv-345-HTW-MTP, 2013 U.S. Dist. LEXIS 135744, at *15-16 (S.D. Miss. Aug. 30, 2013) ("The parties will not be unduly prejudiced [by granting leave to amend], as this action is currently stayed and little, if any, discovery has been conducted.").

Indeed, now that Magseis is aware of the need to join additional defendants in order to preserve its legal rights, it could be considered dilatory were Magseis ***not*** to file the instant motion. *See Wave Loch, Inc. v. Wave Loch, Inc.*, No. 08–cv–928 BAS (NLS), 2014 WL 7261552, at *3 (S.D. Cal. Oct. 1, 2014) (denying motion to amend due, in part, to Plaintiff's failure to attempt to amend complaint during a stay). Accordingly, the stay should be lifted for

the limited purpose of allowing Magseis's proposed supplement and joinder of Fugro and PXGEO.

### C.        Joinder of Fugro and PXGEO Is Appropriate

The Fifth Circuit has described "a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). This same test applies to the joinder of defendants. *Gillespie v. Wells Fargo Home Mortgage*, EP-10-CV-00240, 2011 WL 13123884, at *1 (W.D. Tex. Nov. 29, 2011). Further, joinder of all relevant parties promotes judicial economy and under the Federal Rules of Civil Procedure "is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Additionally, since Fugro and PXGEO's infringement involves Seabed as well as the MANTA system that is already accused of infringement in this case, Magseis's claims against Fugro and PXGEO (as detailed in the Third Amended and Supplemental Complaint) both: a) arise out of the "same transaction, occurrence, or series of transactions or occurrences," namely the infringement of the Asserted Patents, and b) will involve "questions of law or fact common to all defendants," such as the validity and claim construction of the asserted claims.

### D.        Other Supplementation to the Complaint Intended to Conform the Pleading to Intervening Events Should Also Be Allowed

Good cause further exists to permit supplementation of the complaint to conform the Complaint to reflect events that have transpired since the filing of the Second Amended Complaint in 2018, including:

1. Including reference to Magseis's previously served preliminary infringement contentions, which include more detail than what was previously provided in the Second Amended Complaint of 2018;

2. Realigning Fairfield Industries, Inc. as a counterclaim defendant as it no longer has standing to assert claims for patent infringement as a plaintiff (though would remain a party to this case in view of Seabed's counterclaims); and

3. Supplementing the complaint with respect to the '589 Patent to reflect the fact that the system claims (but not method claims) of the '589 Patent will be imminently cancelled.

None of these additional proposed supplements could have been made prior to the filing of the Second Amended Complaint in 2018, and all are intended to conform the pleading to events that have occurred in the intervening time period.

With respect to the supplements related to the previously asserted '589 patent, Magseis previously moved for leave to amend its infringement contentions to assert the method claims it proposes to add to its complaint only weeks after the activity that gave rise to liability for infringement took place. (*See generally* Dkt. No. 122.) That motion was denied **_without prejudice_** in view of the stay of litigation that Magseis had contemporaneously attempted to lift. (Dkt. No. 130 at 7.) While Magseis intends to wait until the lifting of the stay in order to renew its motion to amend its contentions as contemplated by the Court's order, in light of the fact that the system claims of the '589 patent will be imminently cancelled,[7] Magseis cannot simply refile the original pleading with respect to the '589 Patent. Rather, Magseis must instead propose a

---

[7] Cancelled claims cannot be asserted. *See Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, No. H-10-3350, 2015 U.S. Dist. LEXIS 159526, at *7-8 (S.D. Tex. June 1, 2015).

supplement that reflects Magseis's intent to assert allegations of infringement of the method claims of the '589 Patent. Were the stay temporarily lifted to permit Magseis to join Fugro and the PXGEO entities, this additional supplement would be Magseis's first opportunity to seek leave to add the various method claims of the '589 patents, as the conduct that gave rise to infringement of the method claims did not arise until December of 2019 and January of 2020, after which Magseis immediately sought to amend its contentions to incorporate these allegations of infringement into the case (*See* Dkt. 122). Accordingly, there has been no delay, and leave should be granted. *See, e.g., Edwards v. Oliver*, No. 3:17-cv-01208-M-BT, 2019 U.S. Dist. LEXIS 163238, at *61 (N.D. Tex. Aug. 12, 2019) (granting leave to amend where request for leave was made promptly after stay was lifted); *Babin v. Caddo E. Estates I, Ltd.*, No. 10-896-SM-SS, 2012 U.S. Dist. LEXIS 113470, at *7-8 (E.D. La. Aug. 13, 2012) (no undue delay where motion for leave to amend was filed within six months of lifting of stay).

As noted in Magseis's motion for leave to amend its infringement contentions, the methods of claims 15, 18, 19, and 20 can only be practiced by a device used to record seismic data on the ocean bottom. (Dkt. 122 at 7.) Meanwhile, claim 18 requires the performance of all of the steps of claim 15 plus an additional step performed on the deck of a vessel. (*Id.* at 7-8.) As a matter of law, these claims could not be infringed until Seabed practiced these methods by using the MANTA system on the U.S. continental shelf in the U.S. Gulf of Mexico and which did not occur until between December of 2019 and January of 2020.[8] (*See id.,* explaining the

---

[8] All of the claims require steps performed on the ocean bottom, which constitutes infringement within the United States as further explained in Magseis's prior Motion to Amend the Contentions (Dkt. 122). Claim 18 requires a step performed on the deck of a vessel, which would have been infringed once the vessel in question reentered U.S. waters within 12 miles of the Coastline. *See, e.g., WesternGeco L.L.C. v. ION Geophysical Corp.*, __ U.S. __, 138 S.Ct. 2129, 2136-37 (2018); *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 365-367 (S.D. Tex. 2011) (explaining that U.S. sovereignty extends to 12 miles off the U.S. Coast and

same in greater detail.) Seabed also infringed these claims by importing into the United States seismic data generated by use of the patented methods of the '589 Patent at the conclusion of this survey.

Should the Court temporarily lift the stay to allow Magseis to join Fugro and the PXGEO entities, it would also be logical and economical to permit Magseis to further supplement the complaint to drop allegations that Seabed infringes the system claims of the '589 patent and instead infringes the method claims.

## V.     THE STAY SHOULD BE TEMPORARILY LIFTED TO ALLOW FILING OF THE SUPPLEMENTAL COMPLAINT

Courts have endorsed temporarily lifting a stay in order to allow amendments to complaints. *See, e.g.*, *Willick v. Napoli Bern Ripka & Associates, LLP*, No. CV 15-00652, 2018 WL 6443081, at *4 (C.D. Cal. Mar. 23, 2018) (finding it appropriate to temporarily lift the stay to allow Plaintiff to amend complaint to add additional parties as defendants). When considering a request to lift a stay, the same factors that would be considered when deciding whether to apply the stay should be considered, which include:

> (1) whether a stay will unduly prejudice or provide a tactical disadvantage to the non-moving party;
>
> (2) whether a stay will simplify the issues in question; and
>
> (3) whether the litigation is at an early stage.

*e-Watch*, 2013 WL 5425298 at *4; *see also Pers. Audio*, 230 F. Supp. 3d at 626.

In the present case, and in particular in view of the fact that Magseis is only requesting an extremely narrow lifting of the stay to allow the proposed supplement without even requiring

---

that the Outer Continental Shelf Lands Act extends substantive U.S. law (including patent law) to the activity of "devices permanently or temporarily attached to the seabed" of the continental shelf).

responsive pleadings at this stage, these factors favor granting leave to file the Third Amended and Supplemental Complaint.

**First**, Magseis will be unduly prejudiced were it not granted leave to supplement its complaint to join PXGEO and Fugro as defendants. In order to obtain relief from PXGEO's and Fugro's infringing actions, Magseis must either join them to this case or file a new, separate lawsuit against them. As explained above, a plethora of questions of law and fact common to all defendants will arise as Magseis's cause of action against PXGEO and Fugro are premised on infringement by the same MANTA system that is at the heart of Magseis's claims against Seabed.

Under Fed. R. Civ. P. 20, PXGEO and Fugro should be joined to this action. Filing a separate action against Fugro and PXGEO would be a waste of both the Court and the parties' resources, and could also be inappropriate in light of the stay of litigation in this case. *See Natsuti v. Whole Foods Market*, 783 F. App'x 797, 799 (10th Cir. 2019) (affirming sanctions on plaintiff for attempting to circumvent a stay by filing a repetitive lawsuit against new defendants when plaintiff could have moved to lift the stay instead).

**Second**, denying Magseis's request to lift the stay to supplement its complaint would not simplify the issues in this case as Magseis is only requesting a temporary lift of the stay. The Court granted the stay because the PTAB's decision would simplify issues of claim construction across the Asserted Patents. (*See* Dkt. 115 at 5-6.) Granting leave to lift the stay temporarily to file the supplemental complaint will not change this simplification as Magseis is not attempting to assert any new patents against Fugro and PXGEO.

**Third**, the early stage of the litigation does not weigh in favor of denying Magseis's motion to temporarily lift the stay as the litigation will still be in the same early stage when the stay is reinstated after Magseis is allowed to file its supplemental complaint.

Further, there will be no prejudice to any party from this temporary lift of stay as Defendants will not be required to respond to the supplemental complaint until after the stay is permanently lifted. *See, e.g.*, *Robinson v. MeadWestvaco Corp.*, C.A. No.: 2:05-1855-PMD, 2005 WL 8164995, at *1 (D.S.C. Oct. 31, 2005) (granting plaintiff's motion to amend and noting that defendants were not required to respond to the amended complaint until after the stay was permanently lifted).

## VI.   CONCLUSION

For all the reasons discussed above, Magseis respectfully requests that this Motion be GRANTED and that Magseis be granted leave to file its Third Amended and Supplemental Complaint joining Fugro N.V., PXGEO US Inc., and PXGEO Seismic Services Ltd as defendants, and that the stay of litigation is temporarily lifted for that limited purpose.

Dated:  June 10, 2021                          */s/ Ruben J. Rodrigues*

Jeffrey N. Costakos (WI Bar # 1008225)
jcostakos@foley.com
Sarah Rieger (WI Bar # 1112873)
srieger@foley.com
**Foley & Lardner LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 271.2400
Fax: (414) 297.4900

Ruben J. Rodrigues (MA Bar # 676573)
rrodrigues@foley.com
**Foley & Lardner LLP**
111 Huntington Avenue, 26th Floor
Boston, MA 02199
Tel: (617) 342.4000
Fax: (617) 342.4001

William P. Jensen (TX Bar # 10648250)
wjensen@craincaton.com
James Elmore Hudson, III (TX Bar # 00798270)
jhudson@craincaton.com
**Crain Caton & James**
Five Houston Center, 17th Floor
1401 McKinney St., Suite 1700
Houston, TX 77010
Tel: (713) 658.2323
Fax: (713) 658.1921

*Counsel for Plaintiffs,*
*Magseis FF LLC and*
*Fairfield Industries Incorporated*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Plaintiff Magseis FF LLC, through its counsel, has conferred with Defendants' counsel, most recently via a phone call on May 26, 2021. Defendants have stated that they oppose Magseis's motion, and thus counsel cannot agree about the disposition of the motion.

 */s/ Ruben J. Rodrigues*
Ruben J. Rodrigues

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document, MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT was served on June 10, 2021, on all counsel of record via the Court's Electronic Filing System.

 */s/ Ruben J. Rodrigues*
Ruben J. Rodrigues