UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Magseis FF LLC and <br> Fairfield Industries Incorporated d/b/a <br> Fairfield Geotechnologies <br><br> Plaintiffs, <br><br> vs. <br><br> Seabed Geosolutions (US) Inc. and <br> Seabed Geosolutions B.V., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:17-cv-01458 <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF MAGSEIS FF LLC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT**

**I.   INTRODUCTION**

Seabed does not substantively challenge the merits of allowing Magseis's proposed supplemental complaint, but instead merely suggests that the pleading should wait until the stay expires. Magseis has timely moved to amend, delay would be prejudicial to all the parties, and the Motion should be granted

**II.   THE COURT SHOULD GRANT LEAVE TO SUPPLEMENT THE COMPLAINT AND JOIN NEW PARTIES**

   **a.   The Motion is Timely and Necessary to Preserve Magseis's Rights**

Seabed's argument that the motion is premature completely ignores Magseis's obligation to diligently and timely move to supplement the pleadings to address Fugro and PXGEO's infringement by joining them as parties in view of the scheduling order previously entered in this case. (*See* Dkt. 140 at 7-11.) In particular, Seabed's argument that Magseis's motion could wait six years in accordance with the time limit set forth in § 286 (presumably in a separate lawsuit)

1

lacks merit, as resolving the claims of infringement by Fugro and PXGEO in this case will involve the same transactions or occurrences, and will also address questions of law or fact common to all of Seabed, Fugro, and PXGEO.  *See* Fed. R. Civ. P. 20.  Seabed cites no authority for the proposition that one should simply wait six years to bring a claim for infringement.  To the contrary, doing so could be prejudicial to Magseis as it could give rise to defenses that would otherwise not be available.  *See, e.g., Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG, 2019 U.S. Dist. LEXIS 228342, at *44-45 (E.D. Tex. Jan. 18, 2019) ("Equitable estoppel is a complete defense to patent infringement."); *see also Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997) ("[A] typical equitable estoppel situation as one in which (1) the infringer knows of the patent, (2) the patentee objects to the infringer's activities, (3) but the patentee does not seek relief until much later, (4) thereby misleading the infringer to believe the patentee will not act.").  Similarly, if Magseis had waited to file its motion until the end of the current stay – let alone until the six year period set forth in § 286 had expired – Seabed would most certainly have argued that the motion was untimely.

      **b.**      **It was Seabed that Inquired Whether Magseis Would Insist That Fugro and PXGEO Answer the Complaint**

Seabed's argues that it would be prejudicial to join Fugro and PXGEO without requiring them to answer before the stay is exhausted.  However, it was Seabed that inquired during the meet and confer process whether Magseis would insist that Fugro and PXGEO answer while the stay is pending.  Magseis agreed that it would not so insist in view of limiting the number of issues in dispute.  However, if Fugro and PXGEO desire to file a response to the supplemental complaint, Magseis would not object to them doing so.

  c.  **Seabed Mischaracterizes Cases**

  Finally, Seabed's mischaracterization of the case law does not compel denying the motion. First, Seabed fails in its attempt to distinguish *Willick v. Napoli Bern Ripka & Associates, LLP*, No. CV 15-00652-AB (Ex), 2018 WL 6443081 (C.D. Cal. Mar. 23, 2018), on the basis that it is not a patent case. This argument, like those described above, rests on the proposition that a patent owner should wait six years to bring an infringement claim. As explained above, this is flawed for many reasons. Accordingly, there is no basis for Seabed's argument that patent cases should be treated differently from other cases when it comes to seeking leave to amend or supplement the complaint during the pendency of a stay.

  With respect to *Woodard v. Sears, Roebuck, and Co.*, No. 3:12-cv-345-HTW-MTP, 2013 U.S. Dist. LEXIS 135744 (S.D. Miss. Aug. 30, 2013), nothing in Seabed's response undermines the fact that the court in that case found that "[t]he parties will not be unduly prejudiced" if leave to amend were granted at that time because that case was "currently stayed." *Id.* at *15-16. The fact that the amended complaint was formally filed after the stay was lifted in *Woodard* has no bearing on whether ***leave*** to amend can be properly sought and granted during pendency of a stay. And in any event, Magseis's motion explicitly seeks to temporarily lift the stay to permit Magseis to file its amended and supplemental complaint.

  Likewise, Seabed's attempts to distinguish *Wave Loch, Inc. v. Am. Wave Machs., Inc.*, No. 08–cv–928 BAS (NLS), 2014 WL 7261552 (S.D. Cal. Oct. 1, 2014), because there were two separate bases for the court's denial of leave to amend does not render the court's analysis inapplicable. In particular, the *Wave Loch* court noted that, separate and apart from its determination that leave was sought in bad faith, it "***additionally*** [found] that Plaintiffs have not met their burden to show diligence in pursuing these amendments." *Id.* at *3 (emphasis added). It went on to fault the *Wave Loch* plaintiffs for failing to seek leave to temporarily lift the stay so

3

that it could move to amend the complaint.  *Id*.  That is precisely the scenario Magseis's Motion seeks to avoid.  *Wave Loch* is applicable to this case for the reasons stated in the Motion.  As with the other cases, Seabed's attempts to distinguish the cited opinions simply because they address additional issues outside the scope of this case should be rejected.

### III.  CONCLUSION

For all the reasons discussed above, Magseis respectfully requests that its Motion be GRANTED and that Magseis be granted leave to file its Third Amended and Supplemental Complaint joining Fugro N.V., PXGEO US Inc., and PXGEO Seismic Services Ltd. as defendants as proposed in Exhibit A to the Motion, and that the stay of litigation be temporarily lifted for that limited purpose.

| | |
|---|---|
| Dated: July 8, 2021 | */s/ Ruben J. Rodrigues* |

Jeffrey N. Costakos (WI Bar # 1008225)
jcostakos@foley.com
Sarah Rieger (WI Bar # 1112873)
srieger@foley.com
**Foley & Lardner LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 271.2400
Fax: (414) 297.4900

Ruben J. Rodrigues (MA Bar # 676573)
rrodrigues@foley.com
**Foley & Lardner LLP**
111 Huntington Avenue, 26th Floor
Boston, MA 02199
Tel: (617) 342.4000
Fax: (617) 342.4001

William P. Jensen (TX Bar # 10648250)
wjensen@craincaton.com
James Elmore Hudson, III (TX Bar # 00798270)
jhudson@craincaton.com
**Crain Caton & James**
Five Houston Center, 17th Floor
1401 McKinney St., Suite 1700
Houston, TX 77010
Tel: (713) 658.2323
Fax: (713) 658.1921

*Counsel for Plaintiffs,*
*Magseis FF LLC and*
*Fairfield Industries Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document, PLAINTIFF MAGSEIS FF LLC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT, was served on July 8, 2021, on all counsel of record via the Court's Electronic Filing System.

 /s/ Ruben J. Rodrigues
Ruben J. Rodrigues
